GRAHAM, &c.
*vs*
MOORE, &c.

---

# Graham, &c. *vs* Moore, &c.; Levis, Cook, & Co. *vs* Same.

CHANCERY.

### ERROR TO THE LOUISVILLE CHANCERY COURT.

#### *Attachments.    Usury.*

Case 16.

JUDGE BRECK delivered the opinion of the Court.

September 23.

It seems to this Court that the complainants' bills were properly dismissed, so far as they sought to subject to the payment of their demands against Moore, the goods and claims which had been transferred by him to Kitts.

There are some facts and circumstances, it is true, in regard to the transactions between Moore and Kitts, tend-

GRAHAM, &c.
vs
MOORE, &c.

ing to excite some suspicion as to their correctness; but in view of the whole case, we think the charge of fraud as against Kitts, is not established, nor is it shown that he was indebted to Moore.

A creditor of one who has paid usury, cannot recover it from the receiver without a transfer of the right from the payer or his ag't. (1 B. Mon. 314.)

The loan from Kitts to Moore, made in New York, was, according to the answer of Kitts, usurious, but the complainants have not sought any relief upon that ground, and even if they had, the record does not present such a case as would entitle them to it. The loan had been discharged by Moore before the complainants sued out their attachments, and according to the principle settled by this Court, in *Estill* vs *Rodes*, (1 *B. Monroe*, 314,) they could not reach the usury in the hands of Kitts, without a transfer, or without the assent of Moore. Nor do we find any thing in the statutes of New York against usury which are copied into the record, which would enable the complainants in this mode of proceeding, to reach either the principal or the usury, even if those statutes could be regarded in all respects as in force in Kentucky. Although, according to the laws of New York, the note for $4,000 from Moore to Kitts was void, yet we do not perceive, if Moore had paid off the note in New York, that he would be entitled even there to recover back any thing but the usury. The right to recover *that* back, is given first to him and his personal representatives, if asserted within a year, and if not, then to the overseers of the poor.

A note given for a usurious loan in N. York, and paid off in Kentucky, gives no right to a creditor or payer to sue in equity for the principal sum paid, tho' the note may have been void in N. York, nor to recover the usury without the assent of the payer.

The note was paid off in Kentucky, and whether by transfer of notes or by accepted drafts, is unimportant, so far as the right of reclamation is concerned. A Court of Equity would not arrest the collection by Kitts, or if goods had been transferred, compel their surrender, in any event, even at the instance of Moore, to a greater extent than the usury actually paid. For notwithstanding the note might have been void, and Kitts could not recover upon it, yet Moore in good conscience was bound to refund the money actually received; and having done so, equity would certainly not aid him in reclaiming it.

As against Kitts, therefore, the complainants were entitled to no decree.

But Levis, Cook & Co., the complainants *in one of* the consolidated cases, attached a debt alledged to be due from William Essex to Moore, of *about* $87. Process appears to have been served upon Essex, but no answer was filed by him, nor is any claim asserted by Kitts, nor as we perceive, by any one, to this alledged debt due Moore.

As the record now stands, the complainants, Levis, Cook & Co. were entitled to a decree against Essex for $87. In that respect their bill was improperly dismissed.

Upon that ground alone, therefore, the decree is reversed, and the cause remanded, that a decree may be rendered against Essex, as indicated, but without costs; and the complainants bills dismissed at their costs as to the other defendants.

And as the decree is in effect affirmed in every other respect, and as the defendant Essex does not appear to have been in fault, the appellants will be entitled to no costs in this Court.

*Fry & Page* for appellants; *Guthrie* for appellees.